1
2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

TEENA F. BUEHNER,

2:16-cv-02696-APG-CBC

5

Plaintiff,

6

v.

7

ANDREW SAUL[1],
Acting Commissioner of Social Security,

**REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE[2]**

8

9

Defendant.

10

11

12

13

14

15

16

17

18

19

This case involves the judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Teena F. Buehner's ("Buehner") application for supplemental security income payments pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383. Currently pending before the Court is Buehner's motion for reversal or remand. (ECF No. 17.)  In this motion, Buehner seeks the reversal of the administrative decision and remand for an award of benefits.  (*Id.*)  The Commissioner filed a response and cross-motion to affirm (ECF No. 18/19), and Buehner filed a reply (ECF No. 20).  For the reasons set forth herein, the Court recommends that Buehner's motion for remand, (ECF No. 17), be granted, and the Commissioner's cross-motion to affirm, (ECF No. 18), be denied.

20

**I.    STANDARDS OF REVIEW**

21

A.    Judicial Standard of Review

22

23

This Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854

24

25

26

27

28

---

[1]    Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2]    This Report and Recommendation is made to the Honorable Andrew P. Gordon, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

(9th Cir. 2002). Section 405(g) provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Court must affirm an Administrative Law Judge's ("ALJ") determination if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also* 42 U.S.C. § 405(g) ("findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal quotation marks and citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)); *see also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005).

To determine whether substantial evidence exists, the Court must look at the administrative record as a whole, weighing both the evidence that supports and undermines the ALJ's decision. *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citation omitted). Under the substantial evidence test, a court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2003). "However, if evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Shalala,* 50 F.3d at 749 (citation omitted). The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if substantial evidence supports the Commissioner's decision. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.    Standards Applicable to Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. *See* 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities, usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or

combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.1 If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meets or equals the criteria of a listing and meets the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h), 416.920(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Prior to considering step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p. To the extent that objective medical evidence does not substantiate statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in

1  accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-
2  2p, 96-5p, 96-6p, and 06-3p.

3      After making the RFC determination, the ALJ must then turn to step four in order to
4  determine whether the individual has the RFC to perform her past relevant work ("PRW").
5  20 C.F.R. §§ 404.1520(f), 416.920(f). PRW means work performed either as the individual
6  actually performed it or as it is generally performed in the national economy within the last
7  15 years or 15 years prior to the date that disability must be established. In addition, the
8  work must have lasted long enough for the individual to learn the job and performed at
9  SGA. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the individual has the
10  RFC to perform her past work, then a finding of not disabled is made. If the individual is
11  unable to perform any PRW or does not have any PRW, then the analysis proceeds to the
12  fifth and last step.

13      The fifth and final step requires the ALJ to determine whether the individual is able
14  to do any other work considering her RFC, age, education, and work experience. 20 C.F.R.
15  §§ 404.1520(g), 416.920(g). If she is able to do other work, then a finding of not disabled
16  is made. Although the individual generally continues to bear the burden of proving
17  disability at this step, a limited evidentiary burden shifts to the Commissioner. The
18  Commissioner is responsible for providing evidence that demonstrates that other work
19  exists in significant numbers in the national economy that the individual can do. *Lockwood*
20  *v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

21  **II.    CASE BACKGROUND**

22      A.    Procedural History

23      Buehner applied for supplemental security income ("SSI") on September 24, 2012
24  with an alleged disability onset date of March 1, 2010.  (Administrative Record ("AR") 218-
25  225.)  The application was denied initially (AR 156-159), and on reconsideration.  (AR 165-
26  170.)  Buehner subsequently requested an administrative hearing.  (AR 171-173.)

27      On May 28, 2015, Buehner appeared at a hearing before an Administrative Law
28  Judge ("ALJ").  (AR 54-84.)   Katie T. Macy-Powers, a vocational expert ("VE"), also

1    appeared at the hearing.  (*Id.*)  The ALJ issued a written decision on March 14, 2017,

2    finding that Buehner was not disabled because she could perform work existing in

3    significant numbers in the national economy.  (AR 35-51.)  Buehner appealed, and the

4    Appeals Council denied review on September 26, 2016.  (*Id.* at 1-7.)  Accordingly, the

5    ALJ's decision became the final decision of the Commissioner.  Having exhausted all

6    administrative remedies, Buehner filed a complaint for judicial review on November 23,

7    2016.  (ECF No. 1-1.)

8           B.    <u>ALJ's Decision</u>

9          In the written decision, the ALJ followed the five-step sequential evaluation process

10   set forth in 20 C.F.R. §§ 404.1520 and 416.920. (AR 35-51.) Ultimately, the ALJ disagreed

11   that Buehner had been disabled from September 24, 2012, the date the application was

12   filed. (*Id.* at 46.) The ALJ held that, based on Buehner's RFC, age, education, and work

13   experience, there were jobs in the national economy that she could perform. (*Id.* at 45-

14   46.)

15         In making this determination, the ALJ started at step one. Here, the ALJ found

16   Buehner had not engaged in substantial gainful activity since the application date of

17   September 24, 2012. (*Id.* at 40.) At step two, the ALJ found Buehner had the following

18   severe impairments: lumbar spine degenerative disc disease, mild thoracic degenerative

19   disc disease with bridging osteophytes and spondylosis, obesity, opiate and alcohol

20   dependence, and adjustment disorder with mixed depression and anxiety. (*Id.*) At step

21   three, the ALJ found Buehner did not have an impairment or combination of impairments

22   that either met or medically equaled the severity of those impairments listed in 20 C.F.R.

23   Part 404, Subpart P, Appx. 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (*Id.* at 40-

24   41.)

25         Next, the ALJ determined Buehner had an RFC to perform sedentary work, as

26   defined by 20 C.F.R. § 416.967(a) specifically as follows: she could occasionally climb

27   ramps and stairs, but she could not climb ladders, ropes, or scaffolds.  (*Id.* at 41-44.)

28   According to the ALJ's RFC determination, Buehner was capable of frequently balancing,

kneeling, and crouching, and she could occasionally stoop and crawl. (*Id.*) However, she must avoid concentrated exposure to extreme heat and cold, moving mechanical parts and unprotected heights. (*Id.*) Additionally, she was limited to simple repetitive tasks and could make only simple work-related decisions. (*Id.*)

The ALJ found that Buehner's impairments could reasonably be expected to cause some of the symptoms alleged, but that her statements regarding the intensity, persistence, and limiting effects of those symptoms were not entirely credible. (*Id.* at 42.) In reaching this conclusion, the ALJ reviewed and discussed the objective medical evidence, medical opinions, and factors weighing against Buehner's credibility. (*Id.* at 42-44.) The ALJ then determined that Buehner was unable to perform any past relevant work. (*Id.* at 44.)

Proceeding to step five, and relying on the testimony of the VE, the ALJ determined that Buehner's age, education, work experience, and RFC would allow her to perform occupations existing in significant numbers in the national economy, such as: touch up screener, document preparer, or order clerk. (*Id.* at 45-46.) Accordingly, the ALJ held that Buehner had not been under a disability since the filing of her application on September 24, 2012 and denied her SSI claim. (*Id.* at 46.)

## III.    ISSUE

Buehner seeks judicial review of the Commissioner's final decision denying her SSI under Title XVI of the Social Security Act. (ECF No. 17.) Buehner raises the following issue for this Court's review:

1.    Whether substantial evidence supports the ALJ's findings regarding Buehner's ability to perform alternative work.

## IV.    DISCUSSION

Buehner argues the ALJ's determination at step five that Buehner can perform the identified occupations is not supported by substantial evidence. (ECF No. 17 at 6-10.) Specifically, she alleges the ALJ had a duty to identify and resolve a conflict between the

1    VE's testimony and the Dictionary of Occupational Titles ("DOT") before finding Buehner

2    could perform the jobs of document preparer or order clerk.  (*Id.*)

3         The ALJ opined that Buehner is mentally limited to simple, repetitive tasks and can

4    make only simple work-related decisions.  (AR 41).  However, two of the three occupations

5    the ALJ identified that Buehner could perform—document preparer and order clerk—

6    require the ability to perform at a Reasoning Level of 3.   DOT 249.587-018, 1991 WL

7    672349; DOT 209.567.014, 1991 WL 671794.   The DOT defines Reasoning Level 3 as

8    requiring the ability to:

9         Apply commonsense understanding to carry out instructions furnished in
10        written, oral, or diagrammatic form.  Deal with problems involving several
          concrete variables in or from standardized situations.

11   *Id.*

12        The Ninth Circuit has determined that a conflict exists between a limitation to

13   simple, repetitive tasks and work that requires Reasoning Level 3.  *Zavalin v. Colvin*, 778

14   F.3d 842, 847 (9th Cir. 2015).   In so holding, the court observed that "simple, repetitive"

15   correlates more with a Level 2 Reasoning.  *Id.*  Conversely, Level 3 Reasoning appeared

16   to the court to be at odds with "simple, routine" tasks because "it may be difficult for a

17   person limited to simple, repetitive tasks to follow instructions in 'diagrammatic form' as

18   such instructions can be abstract." *Id.* (quoting *Adams v. Astrue*, 2011 WL 1833015, at *4

19   (N.D. Cal. May 13, 2011)); *see also Buck v. Berryhill*, 869 F.3d 1040 (9th Cir.

20   2017) (following the reasoning of *Zavalin*); *Rounds v. Commissioner*, 807 F.3d 996 (9th

21   Cir. 2015) (remanding for ALJ to resolve conflict between RFC restricting plaintiff to one–

22   and two–step tasks and the requirements of Level 2 Reasoning).   Thus, an apparent

23   conflict exists between Reasoning Level 3 and an RFC restricting a claimant to "simple,

24   repetitive tasks."  Therefore, the Court concludes that the ALJ erred in failing to recognize

25   the inconsistency and in failing to ask the VE to explain how a person with a limitation to

26   simple, repetitive tasks could perform a job with a Reasoning Level 3.

27        Now, the Court must address whether the ALJ's error was harmless.  In undertaking

28   the harmless error analysis, the court is "'constrained to review the reasons the ALJ

8

asserts'" and "'cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision.'" *Zavalin,* 778 F.3d at 848 (quoting *Stout v. Comm'r, Soc., Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir.2006)).  The Commissioner argues that unlike the claimant in *Zavalin*, Buehner has not been found disabled in the past, she graduated high school and had two years of college, and had performed semi-skilled work in the past.  (ECF No. 18 at 4-5.)  The Court notes, however, that the ALJ took all of the evidence highlighted in the Commissioner's brief into consideration in determining that Buehner should still be limited to simple, repetitive tasks and the ALJ has not clearly indicated that this is a factor considered in explaining the conflict between the VE's testimony and the DOT. Therefore, the Court cannot conclude that this same evidence simultaneously establishes, on its own, that Buehner is capable of level 3 reasoning.

Thus, the Court finds that ALJ's failure to reconcile this inconsistency is not harmless, therefore requiring remand.  The VE relied on two occupations with a Reasoning Level of 3, and only one (touch up screener) with a Reasoning Level of  2.  (AR 45-46).  The jobs available in the national market for touch up screener were 13,000, whereas the total jobs available for the Level 3 Reasoning occupations were 115,000.  *Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012) ("1,680 jobs distributed over several regions cannot be a "significant number[.]"); *cf. Randazzo v. Berryhill*, 725 F.App'x 446, 448 (9th Cir. 2017) ("10,000 electrical accessories assembler jobs found by the expert may not amount to a significant number of jobs in the national economy."); *with Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528 (9th Cir. 2014) ("25,000 jobs meets the statutory standard" for nationwide numbers).

Accordingly, the Court recommends that this matter be remanded to the ALJ to reconsider the findings at step five and determine, with the assistance of a VE if necessary, whether there are jobs existing in significant numbers in the regional and national economy that Buehner can still perform in light of her already–determined RFC limitations— including her allowance for simple, repetitive tasks.  If the VE cites to any Reasoning Level

1    3 occupations that Buehner could perform, the ALJ shall resolve the conflict between this

2    reasoning level and Buehner's RFC.

3    **V.    CONCLUSION**

4         Based on the foregoing, the Court recommends that Buehner's motion to remand

5    (ECF No. 17) be granted, and that the Commissioner's cross-motion to affirm (ECF No.

6    18) be denied.

7         1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Local Rule IB 3-2, the parties may

8    file specific written objections to this Report and Recommendation within fourteen days of

9    receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

10   Recommendation" and should be accompanied by points and authorities for consideration

11   by the District Court.

12        2.    This Report and Recommendation is not an appealable order and any notice

13   of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

14   Court's judgment.

15   **VI.    RECOMMENDATION**

16        **IT IS THEREFORE RECOMMENDED** that Buehner's motion for remand (ECF No.

17   17) be **GRANTED**, the Commissioner's cross-motion to affirm (ECF No. 18) be **DENIED**,

18   and that the case be **REMANDED** to the agency for further proceedings.

19        **DATED**: October 22, 2019.

20

21   _____

     **UNITED STATES MAGISTRATE JUDGE**

22

23

24

25

26

27

28

10