# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TEENA BUEHNER, | Case No.: 2:16-cv-02696-APG-CLB |
| Plaintiff | **Order Accepting Report and Recommendation, Granting Motion to Remand, and Denying Motion to Affirm** |
| v. | |
| ANDREW SAUL,[1] Commissioner of Social Security | [ECF Nos. 17, 18, 23] |
| Defendant | |

Plaintiff Teena Buehner filed an application for supplemental security income on September 24, 2012. The Social Security Administration denied Buehner's application, both initially and on reconsideration. Administrative Law Judge (ALJ) Ryan Johannes held a hearing on May 28, 2015. On July 7, 2015, ALJ Johannes published a decision finding that Buehner was not disabled. The Appeals Council declined Buehner's request for review, making the decision the Commissioner's final decision. Buehner seeks review of that decision, arguing that I should reverse or remand the matter for a new hearing because the ALJ's determination that she could perform alternative work was not supported by substantial evidence.

On October 22, 2019, Magistrate Judge Baldwin recommended that I grant Buehner's motion to remand and deny the Commissioner's motion to affirm. ECF No. 23. Judge Baldwin concluded that the ALJ erred in failing to recognize the inconsistency between a person limited to simple, repetitive tasks and jobs requiring reasoning level 3, and in failing to ask the

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration in June 2019. Pursuant to Federal Rule of Civil Procedure 25(d), I direct the clerk of court to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

vocational expert how to reconcile this inconsistency. *Id.* at 8. Judge Baldwin found this error was not harmless. *Id.* at 8-9. The Commissioner objects, arguing that the ALJ and vocational expert adequately addressed whether Buehner could perform the jobs the vocational expert identified, despite the jobs requiring reasoning level 3. ECF No. 25 at 3. The Commissioner also argues that any error was harmless because the ALJ elicited a reasonable explanation for any potential conflict from the vocational expert and took into consideration Buehner's vocational background and education to support his conclusion that Buehner could perform the jobs listed as reasoning level 3. *Id.* at 4-5. Having reviewed the record de novo, I agree with Judge Baldwin. I therefore grant the motion for remand and deny the motion to affirm.

**I. DISCUSSION**

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The review of an ALJ's decision to deny benefits is limited to determining whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the appropriate legal standards. *Jamerson v. Chafer*, 112 F.3d 1064, 1066 (9th Cir. 1997). I may set aside the ALJ's determination only if it is not supported by substantial evidence or is based on legal error. *Id.* "Substantial evidence means more than a scintilla, but less than a preponderance;" it is evidence that "a reasonable person might accept as adequate to support a conclusion." *Smolet v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (quotations omitted). If the

evidence is subject to more than one rational interpretation, one of which supports the ALJ's decision, I must affirm. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). I have the authority to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). I also may order the Commissioner to collect additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.*

Buehner is entitled to disability benefits under the Social Security Act if she "(a) suffers from a medically determinable physical or mental impairment . . . that has lasted or can be expected to last for a continuous period of not less than twelve months; and (b) the impairment renders the claimant incapable of performing the work that [she] previously performed and incapable of performing any other substantial gainful employment that exists in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). If Buehner demonstrates that she cannot perform her prior work, the burden shifts to the Commissioner to show that Buehner can perform a significant number of other jobs that exist in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074-75 (9th Cir. 2007).

**A. Vocational Expert's Testimony**

Buehner argues that the ALJ erred by not appropriately addressing the conflict between limiting Buehner to simple, repetitive tasks and relying on the vocational expert's testimony to find that she could perform jobs requiring reasoning level 3. ECF No. 17 at 7-8. Focusing on the Ninth Circuit's decision in *Zavalin v. Colvin*, the Commissioner argues that any apparent conflict was harmless error because, unlike in *Zavalin*, Buehner has never been identified as disabled, she completed two years of college, she has performed semi-skilled work in the past, and she has no

medical evidence supporting a conclusion that she has diminished cognitive or reasoning ability. ECF No. 18 at 4-6.

When there is a conflict between a vocational expert's testimony and the information contained in the Dictionary of Occupational Titles (DOT), the ALJ must obtain a reasonable explanation for the conflict. *Massachi v. Astrue*, 486 F.3d 1149, 1153-53 (9th Cir. 2007). In *Zavalin*, the Ninth Circuit held that an apparent conflict exists between reasoning level 3 and a residual functional capacity limiting a claimant to "simple, repetitive tasks." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). The court held the ALJ erred by not recognizing this conflict and asking the expert to explain how a claimant with this limitation could nevertheless "meet the demands of Level 3 Reasoning." *Id.*

Here, the ALJ erred because he limited Buehner to simple, repetitive tasks and failed to ask the vocational expert to explain or justify her decision to nonetheless recommend jobs requiring reasoning level 3. When asked if a person limited to simple, repetitive tasks could perform reasoning level 3 jobs, the vocational expert answered yes. ECF No. 16-1 at 87. The only clarification the ALJ elicited was that the vocational expert also testified that the jobs were "SVP level 2" and that level was consistent with simple, repetitive tasks. *Id.* at 86. Nowhere in the transcript did the ALJ ask the vocational expert why, given the specifics of this case, someone limited to simple, repetitive tasks could perform jobs requiring reasoning level 3. The ALJ's written decision also provided no further clarification. *See id.* at 49 (noting only that the ALJ asked the vocational expert whether, given all the factors, Buehner would be able to perform certain jobs and the vocational expert found that Buehner could perform the requirements of touch up screener, document preparer, and an order clerk). The written decision confirmed that the ALJ found the vocational expert's testimony to be "consistent" with the DOT,

so it appears the ALJ did not notice or take into consideration the apparent conflict. *Id.* at 50. Accordingly, I cannot determine "whether substantial evidence supports the ALJ's step-five finding that [Buehner] could perform other work." *Massachi*, 486 F.3d at 1154.

Because I find the ALJ erred, I must next determine whether the error was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."). In making this determination, I am "constrained to review the reasons the ALJ asserts" and "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (quotations and citations omitted).

Here, the error was not harmless. If Buehner is unable to perform the recommended jobs that require reasoning level 3, then the ALJ's decision is supported only by the fact that he found Buehner could perform one reasoning level 2 job: touch up screener. ECF No. 16-1 at 49-50. However, there are 13,000 jobs available in the national economy for the position of touch up screener and the ALJ did not determine whether that, alone, constituted a significant number. *See Randazzo v. Berryhill*, 725 Fed. Appx. 446, 448 (9th Cir. 2017) ("The ALJ's error . . . was not harmless because the remaining 10,000 electrical accessories assembler jobs found by the expert may not amount to a significant number of jobs in the national economy."); *see also Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (holding that 25,000 jobs in the national economy presented a close call but was enough to constitute a significant number).

Accordingly, I remand this matter to the ALJ to reconsider the findings at step five and determine whether there are jobs existing in significant numbers in the regional or national economy that Buehner can perform considering her limitations. The ALJ may use a vocational

expert to help with this determination, but any conflict between the vocational expert's testimony and the DOT must be sufficiently explained and resolved.

**II. CONCLUSION**

I HEREBY ORDER the clerk of court to substitute Andrew Saul for Nancy Berryhill as the respondent Commissioner of the Social Security Administration on the docket for this case.

I FURTHER ORDER that defendant Commissioner's objection (ECF No. 25) is overruled and that the Report and Recommendation **(ECF No. 23) is accepted.**

I FURTHER ORDER that the Commissioner's motion to affirm **(ECF No. 18) is DENIED.**

I FURTHER ORDER that plaintiff Teena Buehner's motion to remand **(ECF No. 17) is GRANTED.** This action is remanded to the administrative law judge for further proceedings consistent with this decision. The clerk of court is instructed to close this case.

DATED this 17th day of December, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE